## Appeal of AMERICAN TEXTILES, INC.

Docket No. 2477.   Submitted April 28, 1925.   Decided June 29, 1925.

Sums paid to stockholders *held* not to be compensation for services rendered.

*H. A. Mihills, C. P. A.,* for the taxpayer.
*J. Arthur Adams, Esq.,* for the Commissioner.

Before Marquette, Lansdon, and Green.

This appeal is from a determination of a deficiency in income and profits taxes for the year 1918 in the amount of $9,898.18, of which amount $5,700 is in controversy. In its return for said year the taxpayer deducted $14,800 as payments made to stockholders for services rendered during the year. The Commissioner disallowed the deduction and the taxpayer has appealed.

## FINDINGS OF FACT.

The American Textiles, Inc., was incorporated in 1917 for the purpose of consolidating two corporations. The stock of one of the corporations was owned almost entirely by a group of individuals, all of one family, which the parties hereto have designated as the "Smiths." The stock of the other was owned almost entirely by a similar family group designated as the "Galbraiths." After the consolidation the stockholdings of the two families in the new corporation were equal and they had collectively, at all times, considerably more than a majority of the shares of each class of stock issued.

In 1917 the new corporation was confronted with the necessity of raising funds for plant enlargements and operating expense. Auditors were called in and it was discovered that the par value of the outstanding preferred stock was some $212,000 in excess of the value of the corporation's tangible assets. It was believed that it would be difficult, if not impossible, to secure the additional funds until this condition was remedied. To relieve the situation the Smiths and the Galbraiths each agreed to return to the corporation preferred stock of the par value of $106,000.

The substance of the agreement made between the two families and the corporation was that they should return preferred stock of the par value of $212,000; that there should be issued to them in lieu thereof an equal number of shares of Class A common stock; that if and when the corporation's surplus warranted the issuance of additional preferred stock, the corporation would exchange share for share preferred stock for the Class A common stock; and that as compensation to the Smiths and Galbraiths for the loss they would otherwise suffer the company would, from time to time as dividends were paid on the preferred stock, pay to them such sums as they would have received as dividends, such payment to be treated as the consideration of and compensation for the benefits derived by the company and the losses suffered by the Smiths and Galbraiths.

The agreement was executed, the stocks exchanged, and sums in lieu of dividends, totaling the amount here sought to be deducted, were paid to Smiths and Galbraiths in 1918. No dividends were paid on the common stock during the year in question. It is not contended that the corporation received benefits other than those mentioned in return for the payments made. A re-exchange was subsequently effected.

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

GREEN: The execution and performance of the agreement by the Smiths and Galbraiths was not a service the cost of which is a deductible expense. The expense was not an ordinary and necessary business expense, nor can it be called compensation for personal services. The exchange of stock was, if anything, a capital transaction. It was not in the minds of the parties a permanent exchange. The equivalent of dividends on their previous holdings of preferred stock was paid to the Smiths and Galbraiths. They participated in the earnings of the company as if they still held their preferred stock. In so far as receipts were concerned, they were no better or no worse off than if they held the preferred stock. Their priority as to assets in case of dissolution was temporarily less than that of holders of preferred stock. They were, to all intents and purposes, as they subsequently again became, the holders of preferred stock.